IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB JOHN PREUSCHL,<br><br>Defendant. | Criminal No. 3:22-cr-00040<br><br>**DEFENDANT'S MOTION FOR RELEASE PENDING TRIAL** |

COMES NOW Defendant Jacob John Preuschl, by and through his attorneys, Eric D. Tindal of Keegan, Tindal & Jaeger, PLC, and pursuant to 18 U.S.C. § 3142, requests the Court release the defendant to pretrial release supervision. In support the defendant states as follows:

1. On or about October 6, 2021 the defendant was indicted in a four (4) count indictment. Defendant is charged with Production of Child Pornography, in violation of Title 18 U.S.C. §§ 2251(a) and 2251(e); Receiving and Possession of Child Pornography in violation of 18 U.S.C. § 2252(a) and 2252(b)(1); and Transfer of Obscene Material to Minors in violation of Title 18 U.S.C. § 1470. The allegations assert the alleged offense occurred between April 16, 2021 and August 2, 2021.

2. The defendant has been in the community since a search warrant was executed on his home on or about September 28, 2021.

3. The Eighth Amendment to the United States Constitution provides that excessive bail shall not be required. U.S. Const. Amend. VIII. *Grady v. Iowa State* Penitentiary, 346 F.Supp. 681, 683 (N.D. Iowa, 1972). The U.S. Supreme Court has interpreted said amendment to prohibit the imposition of excessive bail on a pretrial basis. *United States v. Salerno¸* 481 U.S. 739, 754-

55 (1987). Congress codified the right of pretrial release through the Bail Reform act contained in in 18 U.S.C. § 3141-3156.

4. "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755.

5. The Bail Reform Act clearly establishes the presumption by the Court should be defendant's are released. 18 U.S.C. 314.2(b) ("The judicial officer shall order the pretrial release of a person….unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.")

6. If the judicial officer determines that release without conditions is insufficient to assure a defendant's appearance or protect the community the Court must determine the least restrictive conditions or combination of conditions which will reasonably assure the appearance of the person or restrict any danger posed to the community. 18 U.S.C. § 3142.2(c)(B). Such conditions can include remaining in the custody of a third-party custodian, requiring employment, and restricting travel, obtaining a substance abuse evaluation and following treatment recommendations, and similar conditions. 18 U.S.C. § 3142(c)(B)(i)-(xiv).

7. The factors to be considered include the nature and circumstances of the offense, the weight of the evidence against the person, the history and characteristics of the defendant and the nature and seriousness of the danger posed of the person in the community. 18 U.S.C. § 3142(g).

8. The offenses charged qualify as a rebuttable presumption. 18 U.S.C. § 3142(e)(3)(E).

9. Even in cases where there is a rebuttable presumption for detention the defendant must only produce "some credible evidence" to rebut the presumption. Further, the presumption only imposes the burden of production of evidence. The Government is still required to carry the burden of persuasion. *U.S. v. Bailey*, 750 F.Supp. 413, 415 (W.D. Missouri, 1990).

10. The Government therefore must carry the burden to show by clear and convincing evidence that no release conditions would reasonably assure the safety of the community or by a preponderance of evidence no conditions will reasonably assure the defendant's appearance. *U.S. v. Orta*, 760 F.2d 887, 891 (8th Cir. 1987).

11. The Government cannot carry its burden here for numerous reasons including but not limited to:

   a. Defendant will present a viable 3rd party custodian who is married to the defendant; The 3rd party custodian will be present for the hearing. Further the defendant has maintained employment and this employment will continue as described by Defendant's employer.

   b. The defendant has limited prior criminal history;

   c. Prior to this arrest the defendant began and has been participating in treatment for addiction. This treatment will continue, if authorized by the Court, and/or probation, should the defendant be released.

   d. The defendant will follow any other terms or conditions the Court deems appropriate.

12. The pretrial services release report has not been finalized. It is anticipated, however, that said report will recommend detention based upon the following grounds as reasons for nonappearance and reasons the department believes the defendant is a danger to the community.

a. Offense charged

   b. Nature of the Instant Offense

   c. Charge Involving a Child

   d. Charge Involving Use of a Computer to facilitate the offense[1]

   e. Charge involving sex offense

13. Stated differently 5 of the listed factors set forth by probation involve the nature of the offense rather than the individual characteristics of the defendant.

14. The defendant also presents letters from the following individuals (Attached and by reference incorporated herein):

   a. Defendant's employer, David L. Rasmussen of Structural Design Group

   b. Jadon Preuschl – Defendant's Brother

   c. Justin Preuschl – Defendant's Father

15. Defendant anticipates his wife, Benjamin, will be attending and testifying at hearing and the defendant's mother will be present.

16. The nature of the offenses are not without some consideration on the issue of detention, but in cases of child pornography allegations the fear of danger to the community at large are widely exaggerated and unsupported by science and study. In this area fear has found its way into judicial fact finding. Ellman, Ira Mark and Ellman, Tara, "Frightening and High": The Supreme Court's Crucial Mistake About Sex Crime Statistics" (2015) *Constitutional Commentary*, 419.

---

[1] It is unclear why use of a computer here would implicate or justify detention. See *Packingham v. North Carolina*, 137 S.Ct. 1730, 1735 (2017) (comparing the internet to the modern public square.) and *U.S. v. Beiermann*, 599 F.Supp.2d 1087, 1104-06 (N.C. Iowa 2009) (voicing strong policy disagreement with use of a computer being used to enhance sentences.)

17. A tool has been identified to assist with the prediction of recidivism called the Child Pornography Offender Risk Tool (CPORT). Seto, M.C., & Eke, .W. (April 16, 2015) Predicting Recidivism among adult Male Child Pornography Offenders: Development of the Child Pornography Offender Risk Tool. Law and Human Behavior. It is unlikely any such tool will be utilized herein.

18. Studies have shown repeatedly that the minority of men who possess child pornography have a history of actually perpetrating on children. 60 percent to 75 percent of child pornography offenders have no history of arising to actual perpetration. Further studies conducted my numerous professionals have found low recidivism rates and even lower rates of recidivism involving sexual offenses.[2] To summarize these findings:

   a. Endrass found in a sample of 231 possessors of child pornography that consuming such pornography alone was not a risk factor for committing hands-on sex offenses

   b. Seto and Eke found 24% of the study sample had a criminal record for a hands-on sex offense against a minor 15% had a prior conviction for possession of child pornography;

   c. Webb found that only 4% of internet offenders had prior contact offenses

   d. Wolak et. Al. sampled over 1700 child pornography cases and only found 11 percent had prior sexual offenses against minors.

---

[2] Endrass, J., Urbankiok, F., Hammermeister, L., Benz C. Elbert T. Laubacher, a. Rossegger, a (2009) The Consumption of Internet Child pornography and violent and sex offending. *BiomedCentral Psychiatry*. Seto M.C. Eke AW: The criminal histories and later offending of child pornography offenders. *Sexual Abuse: a Journal of Research and Treatment*, (2005), 17(2): 201-210; Webb, L., Craissati, J. & Keen, S: Characteristics of internet child pornography offenders: a comparison with child molesters. *Sexual abuse: a journal of research and treatment*, 2008, 19*4): 449-465; Wolak J., Finkelhor D, Mitchell KJ: Child Pornography Possessors Arrested in Internet Related Crimes: findings from the National Juvenile Online Victimization Study. Alexandira: National Center for Missing and Exploited Children (2005).

19. The allegations here are not directly on point as they involve not only production but also non-production offenders. The science, however, which has considered these differences presents evidence there is little difference in the recidivism rates of the two. Federal Probation conducted a study in 2016 by Cohen T., Spidell, M. *How Dangerous Are They? An Analysis of Sex Offenders Under Federal Post-Conviction Supervision*, available at https://www.uscourts.gov/sites/default/files/80_2_4_0.pdf. The study found, in part:

> Last, in a somewhat surprising finding, this research shows that child pornography offenders with backgrounds of contact sexual offending exhibit only slightly higher risk characteristics and recidivism rates compared to child pornography offenders with no records of contact sexual offending. This finding is at odds with some studies showing offenders who commit child pornography and contact crimes have significantly higher risk levels and recidivism rates compared to child pornography-only offenders. It is interesting to note, however that the USSC also found similar rates of general recidivism between child pornography offenders with and without histories of criminally sexual dangerous behavior. Clearly more research is needed to discern whether offenders convicted of federal child pornography offenses can be disaggregated into more useful risk typologies.

*Id.* at 30-31.

20. In sum defendants who are accused of these offenses are not likely to recidivate particularly while under the supervision of probation and also receiving treatment. Here supervision is the least restrictive environment in which the fulfill the diligence to the U.S. Constitution's presumption of innocence, controlling the defendant's flight, and assuring the community's protection.

21. The Government cannot meet its burden in this case. Probation can supervise these individuals and there are restrictions this court can impose to protect the community and prevent risk of flight.

## A. CONCLUSION

WHEREFORE, the defendant requests this court to release him to the supervision of pretrial services/federal probation office.

Dated: April 18, 2022

                                               Respectfully submitted,

                                               */s/ Eric D. Tindal*
                                               Eric D. Tindal
                                               KEEGAN TINDAL & JAEGER
                                               103 East College Street, Suite 312
                                               Iowa City, IA 52240
                                               Telephone: (319) 887-6900
                                               Facsimile: (319)688-2754
                                               Email: eric@keeganlegal.com

                                             **ATTORNEYS FOR DEFENDANT**

Certificate of Service

The undersigned certifies that the foregoing instrument was electronically filed on April 18, 2022 with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to the above cause and to each of the attorneys of record herein at their respective addresses disclosed on the pleadings.

*/s/ Eric D. Tindal*

April 17, 2022

To Whom it May Concern:

My name is Dave Rasmussen, and I am the Owner of Structural Design Group LLC in Cedar Rapids, Iowa.

I was first introduced to Jacob Preuschl in July of 2019 by my former engineering professor and graduate school advisor at the University of Iowa. Professor Asghar Bhatti was also Jacob's professor and advisor during Jacob's enrollment in the University's College of Engineering. Jacob was the first graduating student that Professor Bhatti's recommended to me as a potential engineer to join my firm.

Jacob was my first hired employee and has been employed full-time with Structural Design Group LLC since August 26, 2019. Since his first day Jacob has been a dependable, truss-worthy employee and a very valuable member of our staff. I, more than anyone except maybe Jacob, look forward to him getting through his past issues so he can continue with his life and career as a structural engineer. Not having Jacob on our staff would be a great loss for our clients and very damaging to the company going forward.

When Jacob is released, he will always have a place on the Structural Design Group team.

Please let me if you have any questions.

Sincerely,

David L. Rasmussen, P.E.
Structural Engineer | Owner
drasmussen@StructuralDesignGroupLLC.com
319 640-7998

My name is Jadon Preuschl. I'm Jacob's brother and this is my letter of character for my brother. Since I was young after my dad passed away he was the "man of the house" and was always there for me and my siblings and always encouraged us to do our best in school. I would like to think he led by example. He'd go to school for years studying to be a structural engineer. In my eyes I don't think Jacob is a flight risk because he was there for us and led by example and always wanted to make sure we were the best versions of ourselves. Personally It kills me to see him in jail even for a couple days. My dad was disabled and I never got to see a man around me in my house be successful until Jacob got an engineering job and I started to see hope in myself. He has a loving wife, family and friends and an important job. Jacob isn't the person to be a menace to society. I know he messed up in this case but I was unaware he had this problem till recently. I would love for him to be able to be free until court so he can go to therapy like he has been. Lastly I would like to add that Jacob has been off social media for the past 6 months or longer while getting the help he needs.



eric tindal <etindal1973@gmail.com>

## Letter for Jacob Preuschl pre trial hearing
1 message

**Justin Preuschl** <justinpreuschl@gmail.com>                                              Sun, Apr 17, 2022 at 3:50 PM
To: eric@keeganlegal.com

Mr. Tindal,
Attached is the letter for Jacob pre trial hearing.

I am heartbroken writing this letter on behalf of my son, Jacob John Preuschl. I am requesting that the court release Jacob until his trial date.

Although I do not understand or condone what Jacob is accused of doing. I want to the court to know that he is a kind loving son, brother and husband.

Jacob has grown up and has lived in the community all his life. He has gone to elementary school through getting his Master's degree in structural engineering.

While he was going to college he worked at Hy-vee and would often go in on his off days to help out when the store was short and needed help.

He also worked as a teaching assistant while obtaining his Master's degree.

He has worked at his current job for the past 3 years. He is hard working and dedicated to his employer. Jacob told his employer about the potential arrest and his boss has kept him on the job.

Jacob is goal driven and has determination to meet his goals.

His plan is to take this engineering test to become fully certified structural engineer in the next the next few years.

Jacob has helped his younger siblings after their father died encouraging them to do well in school and focus to meet the goals that they have for their future.

Jacob is focused on being a good husband and making future plans with Ben who's goal is to take the MCAT the fall and to go to medical school.

Jacob has gone to therapy and has attended regularly.